ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, Walter E. Moak, an attorney licensed to practice law in the States of Louisiana and Arizona, based upon discipline imposed by the Supreme Court of Arizona.
*465 UNDERLYING FACTS AND PROCEDURAL HISTORY
The State Bar of Arizona charged respondent with three counts of attorney misconduct under the Arizona Rules of Professional Conduct. The most serious charge against respondent arose out of his representation of Julian Reed in two separate actions arising from two automobile accidents that occurred approximately three years apart. Essentially, in the action based upon the first accident, respondent failed to disclose the serious brain injuries that Mr. Reed received in the second accident, and failed to distinguish appropriately the injuries Mr. Reed sustained in the first accident from those he sustained in the second. These failures misled the defendants from the first accident and deprived them of an opportunity to prove that Mr. Reed’s injuries resulted, at least in part, from the second accident. Respondent’s failures also misled the judge and jury in the trial involving the first accident.
LAfter the parties stipulated to most of the relevant facts, a hearing officer considered the remaining factual issues, as well as aggravating and mitigating factors. The hearing officer concluded that the State Bar had established all counts and recommended that respondent be suspended from the practice of law in Arizona for six months' and one day. On review, the Disciplinary Commission of the Supreme Court accepted the hearing officer’s findings of fact and agreed with his conclusions of law, but recommended a six-month suspension. Neither party sought review of the Commission’s decision; however, the Supreme Court of Arizona exercised its right of sua sponte review to consider further the appropriate discipline to be imposed. On June 16, 2003, the Supreme Court of Arizona ordered that respondent be suspended from the practice of law for six months and one day. In re Moak, Number SB-03-0007-D on the docket of the Arizona Supreme Court.
The ODC then filed a petition to initiate reciprocal discipline in Louisiana. By order of this court dated March 4, 2004, respondent was given thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent failed to file any response in this court.
DISCUSSION
The imposition of reciprocal discipline against respondent based upon the Arizona judgment is clearly appropriate under the facts of this case. Respondent has failed to file any pleadings in this court demonstrating that the imposition of identical discipline in Louisiana would be unwarranted, and there is no suggestion of such upon the face of the record. Moreover, there is little doubt that respondent’s conduct would warrant discipline in Louisiana, given his pattern of serious ethical lapses involving deceitful conduct.
| ¡¡Accordingly, we will impose reciprocal discipline pursuant to Supreme Court Rule XIX, § 21.
DECREE
Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record herein, it is ordered that Walter E. Moak, Louisiana Bar Roll number 11606, be and he hereby is suspended from the practice of law in Louisiana for six months and one day.